UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| CAROLINE GAINES HAZEL, *et al.* ) | |
| ) | No. 4:08-cv-46 |
| *Plaintiffs,* ) | |
| ) | Judge Mattice |
| v. ) | Magistrate Judge Lee |
| ) | |
| BETA OMICRON CHAPTER OF , ) | |
| SIGMA NU FRATERNITY HOUSE ) | |
| CORPORATION, *et al.,* ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM AND ORDER

On September 13, 2007, Plaintiff Caroline Hazel fell Plaintiff Caroline Hazel initiated the instant action against Defendants Beta Omicron Chapter of Sigma Nu Fraternity House Corporation (hereinafter "Sigma Nu"), Beta Omicron Chapter of Sigma Nu (hereinafter "Local Chapter"), and the University of the South (collectively hereinafter "Defendants") to recover damages as a result of the injuries sustained when she fell from an elevated stairway platform at the Sigma Nu fraternity house chapter of the University of the South. Caroline Hazel's parents Cheryl Hazel and Richard Hazel also sue Defendants in both their individual capacity and as next friends and parents of Caroline Hazel. On September 16, 2008, Defendant Local Chapter moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

For the reasons explained below, the Court will **GRANT** Defendant Local Chapter's Motion to Dismiss. Plaintiffs' claims against Defendants is hereby **DISMISSED WITHOUT PREJUDICE.**

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002). Challenges to subject matter jurisdiction may be either facial or factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge is a challenge to the sufficiency of the pleading. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. When reviewing a facial challenge, the Court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325.

## II. FACTS

On June 20, 2008, Caroline Hazel filed suit for personal injuries sustained as a result of falling off an elevated stairway platform at the Sigma Nu fraternity house chapter of the University of the South. (Court Doc. 1, Compl. ¶ 7.) Caroline Hazel's parents, Richard and Cheryl Hazel, are also named as plaintiffs in both their individual capacity and as next friends and parents of Caroline Hazel. (*Id.* 9-12) In their individual capacity, Plaintiff's parents seek to recover for emotion distress based on Caroline Hazel's injuries, lost income for Caroline's care, as well as medical expenses incurred by Caroline. (*Id.*)

Plaintiffs are citizens and residents of the state of Virginia. (Compl. ¶ 1.) While, at the time of her injury, Caroline Hazel was attending college in Tennessee, she did not then, nor has she now, changed her citizenship and residency from the State of Virginia. (*Id.*) Sigma Nu is a corporation organized under the laws of the State of Tennessee. (*Id.* ¶2.) The University of the South is a corporation operating and sanctioned as an educational institution in Tennessee. The Local Chapter, which contends that it is an unincorporated association, is a fraternal organization authorized to operate a fraternity on the latter's campus in Sewanee, Tennessee. (*Id.* ¶ 3); (Def.'s Local Chapter's Mot. to Dismiss at 1). Plaintiff basis for jurisdiction is based upon the diversity of citizenship of the parties. (Compl. ¶ 5.)

The Local Chapter moved to dismiss the instant case. It argues that the Court does not have subject matter jurisdiction over Plaintiffs' claims because the parties are not diverse. (Mot. to Dismiss at 2). It further argues that the Local Chapter, as an unincorporated association in the state of Tennessee, has citizenship in any state in which one of its members has citizenship. (*Id.*) It contends that Plaintiffs' claims lack subject matter jurisdiction because two of Local Chapter's active members are residents of the state of Virginia. (*Id.*) Plaintiffs concede that if Local Chapter is an unincorporated association, dismissal is appropriate. Plaintiffs argue, however, that there is a genuine issue of material fact as to whether Local Chapter is an unincorporated association.

### III.     ANALYSIS

Federal courts are courts of limited jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).

-3-

As a result, "it is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hudson*, 347 F.3d at 141. A plaintiff seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *See* Fed. R. Civ. P. 8(a); *Ohio Nat'l Life*, 922 F.2d at 321; *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968).

Subject matter jurisdiction that is based on diversity of citizenship vests the federal district courts with jurisdiction in cases of sufficient value between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). For a federal court to have subject matter jurisdiction over an action based on diversity jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Id.* Complete diversity of citizenship exists when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. 28 U.S.C. § 1332(a), (c).

Defendant Local Chapter argues that the Court lacks diversity jurisdiction over the instant action. It contends: (1) that it is an unincorporated association; (2) unincorporated associations are citizens of any state in which a member is a citizen for diversity purposes; and (3) two members of the Local Chapter are citizens the same state as Caroline Hazel. The United States Supreme Court has defined an unincorporated association as "a body of persons united without a charter, but upon the methods and forms used by incorporated

-4-

bodies for the prosecution of some common enterprise." *Hecht v. Malley,* 265 U.S. 144, 157, 44 S. Ct. 462, 468 (1924). Among the entities that Tennessee courts have recognized as unincorporated associations are organizations of boat slip renters, education professionals, insurance companies, undertakers, and school districts; local chapters of labor unions; churches; civic leagues; golf clubs; political activists; a joint railroad venture; and bar associations[1]. *Boynton v. Headwaters, Inc.*, 252 F.R.D. 397, 401 (W.D. Tenn. 2008) (internal citations omitted). Unincorporated associations may encompass "trade unions, fraternal organizations, business organizations and the like." *Yonce v. Mem'l Hosp. Assoc.*, 161 F. Supp. 178. 186 (W.D. Va. 1958).

Plaintiffs argues that Local Chapter is not an unincorporated association because it operates "under the rules, directives, and guidelines set forth by the University [of the South]." Pls.' Resp. at 3. The fact that the Local Chapter is bound to operate under the rules of the University of the South does not mean that it operates under a "charter." A charter, which would make an entity an "incorporated association," as opposed to an "unincorporated association" is defined by Tenn Code Ann. § 48-12-102. Plaintiffs do not

---

[1] *White v. Early*, 211 S.W.3d 723, 726 (Tenn. Ct. App. 2006); *Esquinance v. Polk County Educ. Ass'n,* 195 S.W.3d 35, 38 (Tenn. Ct. App. 2005); *Terminix Int'l Co. v. Tennessee Ins. Guar. Ass'n*, 845 S.W.2d 772, 774 (Tenn. Ct. App. 1992); *Tennessee Negro Funeral Dirs. Ass'n v. Bd. of Funeral Dirs. & Embalmers*, 206 Tenn. 141, 332 S.W.2d 195 (Tenn. 1960);*Tennessee Small Sch. Sys. v. McWherter*, 851 S.W.2d 139, 141 (Tenn. 1993) *Dowdy v. Alexander*, 51 S.W.3d 200, 201 (Tenn. Ct. App. 2000); *Fain v. O'Connell*, 909 S.W.2d 790, 791 (Tenn. 1995); *McCracken v. Brentwood United Methodist Church,* 958 S.W.2d 792, 794 n.2 (Tenn. Ct. App. 1997); *Valley Forge Civic League v. Ford*, 713 S.W.2d 665 (Tenn. Ct. App. 1986); *Jessie v. Chattanooga Golf & Country Club*, 173 Tenn. 536, 121 S.W.2d 557 (Tenn. 1938); *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 529 (Tenn. 1983); *Petition for Rule of Ct. Activating, Integrating and Unifying the State Bar of Tenn.*, 199 Tenn. 78, 282 S.W.2d 782, 783 (Tenn. 1955).

contend that such a charter exists, nor are there any facts or evidence upon which a reasonable juror could conclude that Local Chapter is incorporated in the state of Tennessee. Absent a filing of a charter with the state of Tennessee, it is evident that the Local Chapter is an unincorporated association. Tenn Code Ann. §§ 48-12-102, 103.

As a matter of law, an unincorporated association has no separate legal identity. Its citizenship, at least for the purposes of diversity jurisdiction, is the citizenship of each of its members. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990); *United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 15 L. Ed. 2d 217, 86 S. Ct. 272 (1965); *Chapman v. Barney*, 129 U.S. 677, 32 L. Ed. 800, 9 S. Ct. 426 (1889). In the instant case, complete diversity of citizenship between the parties does not exist because Local Chapter has two member that are citizens of the same state as Plaintiffs. 28 U.S.C. § 1332(a). Thus, the Court lacks subject matter jurisdiction over the instant case. *Jerome-Duncan, Inc.*, 176 F.3d at 907 (6th Cir. 1999). Accordingly, the Court will **GRANT** Local Chapter's Motion to Dismiss. Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE.**

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant Local Chapter's Motion to Dismiss [Court Doc. 17]. Plaintiffs' claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE.** The parties shall bear their own costs.

The Clerk is directed to close the file for the instant case.

SO ORDERED this 12th day of March, 2009.

            /s/Harry S. Mattice, Jr.
           HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE